**FILED**

**JUL 13 2007**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JASEN E. RODRIGUEZ and<br>JENNIFER M. RODRIGUEZ<br><br>    Debtors. | Case No. 07-21622-C-7<br><br>MC No. DGN-1 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR PUBLICATION

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtors filed their voluntary chapter 7 petition on March 12, 2007. They scheduled a 2005 Ford F-250 ("vehicle") as property of the estate. The first meeting of creditors was held on April 17, 2007. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtors. Debtors were discharged from all dischargeable debts on June 26, 2007.

On June 26, 2007, Ford Motor Credit Company ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle is approximately $23,800.00. Movant holds a lien on the vehicle in the approximate amount of $17,860.79. There is no evidence of any other liens against the vehicle.

Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtor *in personam* expires when the debtor is granted a discharge. 11 U.S.C. § 362(c)(2)(C). Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the secured

```
 1  party's interest adequately, § 362(d)(1), and, with respect to
 2  a stay of an act against property, debtor does not have equity
 3  in the property, § 362(d)(2)(A), and the property is not
 4  necessary to an effective reorganization.  11 U.S.C. §
 5  362(d)(2)(B).  The issue of whether the property is necessary
 6  to an effective reorganization is not considered in a chapter 7
 7  case because no reorganization is contemplated in a chapter 7
 8  case.
 9       Although the debtors appear to have equity in the
10  vehicle, since the debtors were granted a discharge, the
11  automatic stay has expired as to the debtors.  Thus, the motion
12  insofar as it is directed at the interest of the debtors is
13  moot and will be denied.
14       However, the motion will be granted as to the interest
15  of the trustee.
16       An appropriate order will issue.
17       Dated: July 13, 2007
```

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Jasen E. Rodriguez
Jennifer M. Rodriguez
P.O. Box 386
Live Oak, CA 95953

Douglas S. Wander
4525 Twin Oaks Lane
Marysville, CA 95901

Donald G. Nelson
Jonathan E. Ayers
Nelson & Kennard
2180 Harvard Street, Suite 160
P.O. Box 13807
Sacramento, CA 95853

Stephen M. Reynolds
P.O. Box 1917
Davis, CA 95617

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 07/17/07

_____
Deputy Clerk